## No. 641
### JASIONOWSKI v. INDUST. COM.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1691. Decided May 17, 1926

1283. WORKMEN'S COMPENSATION— Courts liberally construe the word "injured" as used in the workmen's compensation act.

480. EVIDENCE—Industrial Commission is not bound by the usual common law and statutory rules of evidence.

RICHARDS, J.

Wanda Jasionowski was employed by a certain firm in the city of Toledo. Her mother filed a claim with the Industrial Commission of Ohio based upon the contention that Wanda was in jured in the course of her employment on Nov. 22, 1924 and died Dec. 5, 1924.

The claim was rejected by the Industrial Commission on the ground that the proof failed to show death was the result of an occupational disease or of an injury sustained during the course of employment. The case was appealed to the Lucas Common Pleas and tried to a jury; but the court directed a verdict in favor of the Commission.

It is contended that the deceased handled large sheets of blue carbon paper, and while engaged with her work accidently scratched her face, causing an abrasion near her mouth, through which her blood became infected resulting into acute blood poisoning from which she died.

Error was prosecuted by Mrs. Jasionowski, and it was claimed on behalf of the Industrial Commission that the evidence does not tend to show an injury within the meaning of the workmen's compensation law; and that if decedent was injured, the injury did not occur in the course of her employment. The Court of Appeals held:

1. The evidence tends to show that the decedent had a slight cold sore near the right corner of her mouth, and that in rubbing her face with her hands, infection followed and death resulted in about two weeks.

2. If this condition should be found by the jury to be sustained by the evidence, it would amount to an injury within the workmen's compensation law.

3. The courts have adapted a liberal construction of the term "injured" as used in the workmen's compensation law.

4. An affidavit of a physician that the poisoning arose by touching of the sore while handling the carbon paper is for the most part hearsay to facts which the physician could have no personal knowledge.

5. By virtue of 1465-91 GC. the Industrial Commission is not bound by the usual common law or statutory rules of evidence, so that the physician's statement must be considered.

6. Dependency of Mrs. Jasionowski is shown by the record and judgment is reversed and cause remanded.

*Judgment reversed.*

Attorneys—J. Harrington Boyd for Jasionowski; Frank E. Calkins for Commission; both of Toledo.